**1**

PEABODY, HOUGHTELING & CO., Appellant, v. Edwin R. COCHRAN, Jr., and Frederic B. Adams, Receivers of Atlantic Fruit Co., Appellees.

(Circuit Court of Appeals, Third Circuit. February 24, 1926.)

No. 3414.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

William G. Mahaffy, of Wilmington, Del. (William Travers Jerome and William Rand, Jr., both of New York City, of counsel), for appellant.

Robert H. Richards, of Wilmington, Del., and Shearman & Sterling, of New York City (Philip A. Carroll, of New York City, of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the receivership of the Atlantic Fruit Company, the firm of Peabody, Houghteling & Co. presented a claim of some $73,840 for damages for breach of a contract, which it alleged it had with the fruit company. The fact that there was such existing and breached contract being denied by the receivers, the claim was referred to a master. He found against the claimant, and his finding was approved by the court. Thereupon this appeal was taken.

Apart from the great weight to be given by an appellate court to a finding of a master, followed by a court, we have given this case our independent examination. It appears that on July 8, 1919, the claimant firm and the fruit company had agreed in writing that the claimant should sell for the fruit company an issue of bonds to be thereafter issued under a contemplated trust indenture of the Atlantic Navigation Corporation, a subsidiary of the fruit company. While certain features of the intended trust agreement were specified in the preliminary contract, it, is clear that others were made matters of subsequent negotiations and agreements; in that respect, the preliminary contract providing: "The trust indenture shall be in a form to be agreed upon by the parties." The matter was one of large moment, intricate and involved, and necessitated protracted negotiations and the determination of important provisions. Without entering into details, it suffices to say that, without bad faith on the part of any one, the parties failed to agree on the terms to be embodied in the contemplated trust agreement in matters of substance and the negotiations came to an end. The situation was not one of a final meeting of contracting minds, but one of a preliminary agreement, which contemplated the later and final determination and specification of contract provisions to be embodied in a trust agreement, which was to embody what the parties meant should be their final and effective contract act.

We agree with master and court that the parties were not able to and never did reach that point. Accordingly we affirm the decree below.

═══

**2**

George S. POMEROY, Sr., Plaintiff in Error, v. Edwin L. SCOTT, Defendant in Error.

(Circuit Court of Appeals, Second Circuit. February 15, 1926.)

No. 189.

In Error to the District Court of the United States for the Southern District of New York.

Merrill, Rogers, Gifford & Woody, of New York City (Charles L. Woody, of New York City, of counsel), for plaintiff in error.

Leo Oppenheimer, of New York City (Milton P. Kupfer and Samuel H. Kaufman, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MACK, Circuit Judges.

PER CURIAM. Judgment affirmed.